```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES                                    CRIMINAL ACTION

v.                                               NO. 10-104

ARNOLD LAGOS                                     SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is Arnold Lagos' motion for reduction of sentence. For the reasons that follow, the motion is DENIED.

**Background**

Arnold Lagos attempted to gain entry to the Naval Air Station Joint Reserve Base in Belle Chase, Louisiana using a false permanent resident card in the name of Alfredo-I. Ordonez. Upon presentation of the card as proof of identity to receive an identification badge for entry onto the base, ICE agents determined the card was counterfeit. Lagos initially claimed he was a citizen of Honduras who was in the United States illegally, but a fingerprint check identified the defendant as Arnold Lagos, a United States citizen wanted by local law enforcement agencies. A check to the alien identification number on the permanent resident card in the name of Alfredo-I. Ordonez showed this number belonged to another individual. Additionally, the defendant had not applied for a permanent resident card, under his real name or under the alias of Alfredo-I. Ordonez.

A Federal Grand Jury indicted Lagos on April 16, 2010 on one count of fraud and misuse of a permanent resident card, in

1

violation of Title 18 United States Code, Section 1546(a). Lagos pled guilty on April 5, 2012. On June 13, 2012, this Court sentenced Lagos to a prison term of 24 months to run consecutively to the state sentence he was already serving. The sentence imposed by this Court was an upward variance imposed in view of the defendant's criminal record, lack of an established employment history, the seriousness of his offense and concerns for public safety. The defendant now seeks a reduction of the 24-month sentence.

I.

Rule 35 of the Federal Rules of Criminal Procedure provides the methodology for reduction of a federal criminal sentence. Fed.R.Crim.P. 35. Rule 35(a) provides that within 14 days after a sentence is imposed, the Court may correct a sentencing error resulting from arithmetical, technical or other clear error. Fed.R.Crim.P. 35(a). Rule 35(a) "should not be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of sentencing guidelines." United States v. Lopez, 26 F.3d 512, 520 (5th Cir. 1994).[1] Sentencing guidelines are a point of reference for the Court when determining a criminal sentence, and the Court has considerable discretion in setting a criminal sentence. Gall v.

---

[1] United States v. Lopez refers to Rule 35(c), which included the provision which encompasses Rule 35(a) until 2002. United States v. Ross, 557 F.3d 237, 239 n.2 (5th Cir. 2009).

United States, 552 U.S. 38 (2007). The Court cannot presume that the sentence under the guidelines is reasonable. Id. However, a district court cannot "withdraw a reasonable sentence and impose what is, in its view, a more reasonable one." United States v. Ross, 557 F.3d 237, 243 (5th Cir. 2009).

Rule 35(b) provides that the Court may reduce a criminal sentence within one year of its imposition upon the government's motion if, after sentencing, the defendant provided substantial assistance in investigating or prosecuting another person. Fed.R.Crim.P. 35(b)(1). Under Rule 35(b), re-sentencing is only permitted on the government's motion where the defendant provided substantial assistance to the Government after sentencing. United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994).

II.

The defendant contends that he is eligible for reconsideration of the Court's sentence under Rule 35. However, under both Rule 35(a) and Rule 35(b)(1), the defendant is ineligible for reconsideration. In support of reconsideration of his sentence, the defendant simply restates several of the same factors that were available upon sentencing. However, under Rule 35(a), the Court may only grant a reconsideration of a criminal sentence if there is an arithmetical, technical or other clear error. The defendant alleges no such error in his motion for reconsideration. In fact, even if a clear error existed, the defendant filed this motion for

reconsideration two months after his sentencing, which is far beyond the 14 days allowed by Rule 35(a). And, finally, this Court gave clear reasons for the upward depature.

The defendant also contends that he is eligible for a reduction of his sentence because he voluntarily cooperated with investigating law enforcement officers and relinquished his right against self-incrimination. However, Rule 35(b)(1) requires that the defendant provided substantial assistance in the investigation or prosecution of another, and not himself. The defendant has not argued that he provided any assistance to the Government in the prosecution or investigation of another. In fact, even if the defendant had provided such assistance, he would be ineligible for reconsideration on this motion because he, not the Government, is requesting reconsideration. See Fed.R.Crim.P. 35(b).[2]

Accordingly, because Lagos fails to meet the requirements for reconsideration of a criminal sentence established in Rule 35 of the Federal Rules of Criminal Procedure, Lagos' motion for reduction of sentence is DENIED.

New Orleans, Louisiana, October 29, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Government disputes that the defendant provided any assistance.